

# THE ATTORNEY GENERAL
## OF TEXAS

June 12, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Tony Hileman　　　　　Opinion No. JM-1056
Marion County Attorney
105 Austin Street　　　　　　　Re:　Whether a county treasurer
Jefferson, Texas　75657　　　　may charge a　county judge　for
　　　　　　　　　　　　　　　　copies of records maintained by
　　　　　　　　　　　　　　　　the county treasurer　(RQ-1614)

Dear Mr. Hileman:

　　　You ask:　"Can a County Treasurer charge a County Judge
for copies　of records　on file　in the　County　Treasurer's
Office?"　We understand your inquiry to concern　information
sought by the county judge in connection with preparation of
the county budget.

　　　Subtitle B of title 4 of the Local Government Code con-
cerns county finances.　Local Gov't Code §§ 111.001-130.007.
Chapter 111　deals with　county　budgets, and　subchapter　A
(sections　111.001-111.012)　regulates　the　preparation　of
budgets in counties　with a population　of 225,000 or　less.
See Local Gov't Code § 111.001.　Marion County, according to
the 1980 census, has a population of 10,360.　See Gov't Code
§ 311.005(3) (definition of population).

　　　Section 111.005 of the Local Government Code provides:

　　　　　In preparing the budget, the county　judge
　　　may require any county officer to furnish in-
　　　formation necessary for the judge to properly
　　　prepare the budget.

Section 111.004 states:

　　　　　(a)　The county　judge shall　itemize　the
　　　budget to　allow　as clear　a　comparison　as
　　　practicable between expenditures included　in
　　　the proposed budget　and actual　expenditures
　　　for the same　or similar　purposes that　were
　　　made for　the　preceding　fiscal　year.　The
　　　budget must　show as　definitely as　possible
　　　each of the projects for which an　appropria-
　　　tion is　established in　the budget　and　the

estimated amount of money carried in the budget for each project.

(b) The budget must contain a complete financial statement of the county that shows:

(1) the outstanding obligations of the county;

(2) the cash on hand to the credit of each fund of the county government;

(3) the funds received from all sources during the preceding fiscal year;

(4) the funds available from all sources during the ensuing fiscal year;

(5) the estimated revenues available to cover the proposed budget; and

(6) the estimated tax rate required to cover the proposed budget.

(c) In preparing the budget, the county judge shall estimate the revenue to be derived from taxes to be levied and collected in the succeeding fiscal year and shall include that revenue in the estimate of funds available to cover the proposed budget.

The corresponding provisions governing the preparation of budgets by county auditors in counties with a population exceeding 225,000 are found in sections 111.036 and 111.034 of the Local Government Code.

You have directed our attention to section 118.141 of the Local Government Code, which lists a schedule of fees for particular services following a declaration that:

The county treasurer, or another officer who receives revenue in place of the county treasurer, may collect the following fees for services rendered to any person. (Emphasis added.)

The term "any person" is very broad, but we do not believe the fees specified by section 118.141 are

applicable[1] to records required by the county judge. When copies of records are furnished in discharge of the duty of the treasurer to furnish the information necessary for the judge to properly prepare the budget, the treasurer does not render services to the judge; instead, the treasurer merely discharges a statutory duty of his own. See Attorney General Opinion M-170 (1967); see also Local Gov't Code §§ 111.012 (a county treasurer who refuses to furnish such information or otherwise fails to comply with the requirements of the subchapter commits an offense punishable by both a fine and confinement in jail), 83.002 (treasurer's bond required).

In Attorney General Opinion M-170 (1967), the attorney general considered a statute that authorized and required county clerks to collect certain fees "for services rendered by them to all persons, firms, corporations, legal entities, governmental agencies and/or governmental representatives." (Emphasis added.) The question was whether a county clerk was entitled to collect a fee from the state treasurer for providing the treasurer with certified copies of orders the clerk was required by the Probate Code to send. In the course of advising the state treasurer that he was not required to pay county clerks for such copies, the opinion observed, "[T]he mailing of the certified copy to the State Treasurer is not a 'service rendered' to that state official, but is an act done by the county clerk or recorder in furtherance of his own legal duties." Id. at 4.

We are of the opinion that sections 111.004, 111.005, and 118.141 of the Local Government Code are in harmony when properly construed, and that a county judge may not be charged by a county treasurer for copies of records on file

---

1. Section 118.145 states that fees collected pursuant to section 118.141 are to be deposited in the general fund of the county to the credit of the county treasurer's fees of office account. Marion County is a "salary" county rather than a "fee" county, we are informed; all county officers, including the county treasurer, are paid a salary and are not dependent on collected fees for their compensation. See Tex. Const. art. XVI, § 61; Local Gov't Code § 154.004 (county prohibited from paying fee for service rendered by salaried county officer).

in the county treasurer's office required by the county judge in connection with preparation of the county budget.[2] See Attorney General Opinion M-142 (1967); cf. Attorney General Opinions JM-779 (1987) (recordation of abstracts); JM-392 (1985) (filing fee). See generally 35 D. Brooks, Texas Practice §§ 15.1-.15 (1989).

We note that the county judge should be permitted access to the treasurer's office during ordinary working hours and in a manner that is convenient to both parties and not disruptive of the treasurer's office routine. The standard in such matters in one of reasonableness. Furthermore, if one county official suspects another of misconduct in office, the matter should be handled in consultation with the district or county attorney. Absent such circumstances, it is not appropriate for one county official to use his or her office to acquire access to records for the purpose of harassing or otherwise intimidating another county official.

## S U M M A R Y

A county judge may not be charged by a county treasurer for copies of records on file in the county treasurer's office required by the judge in connection with preparation of the county budget.

Very truly yours,

JIM MATTOX
Attorney General of Texas

---

2. The Local Government Code, of which section 118.141 is a part, was enacted in 1987, as a non-substantive revision of existing laws. Acts 1987, 70th Leg., ch. 149, § 51, at 1308. Section 118.141 was derived from former article 3943f, V.T.C.S., enacted in 1985, which specified that the indicated fees could be collected from "the appropriate individuals, firms, corporations, governmental agencies, governmental representatives, or other legal entities." Acts 1985, 69th Leg., ch. 145, § 6, at 671; see Gov't Code § 311.005 (definition of "person" except where a different definition is required by context).

p. 5502

**MARY KELLER**
First Assistant Attorney General

**LOU MCCREARY**
Executive Assistant Attorney General

**JUDGE ZOLLIE STEAKLEY**
Special Assistant Attorney General

**RICK GILPIN**
Chairman, Opinion Committee

**Prepared by Rick Gilpin**
Assistant Attorney General